UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joan F.M. Malone,<br><br>    Plaintiff,<br><br>v.<br><br>District of Columbia<br>Housing Authority *et al.*,<br><br>    Defendants. | Case: 1:16-cv-01686<br>Assigned To : Unassigned<br>Assign. Date : 8/18/2016<br>Description: Pro Se Gen. Civil (F Deck) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted, and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).

Plaintiff, a District of Columbia resident, states that this is an action for religious persecution, gross negligence and various other torts. She mentions discrimination but alleges no supporting facts. Among other incredible accusations, plaintiff states that presumably the named defendants accepted bribes from "President Barack Obama, Secretary of State Hillary R.

1

Clinton [and her] husband Bill Clinton to assassinate me or drive me insane before the 2016 presidential election." Compl. at 1. Plaintiff claims to be a five-time presidential candidate, including in 2016. In a seemingly wholly unrelated turn, plaintiff requests this Court to "question former FBI Director Mueller about the wiretapping, illegal survalence (sic)," and she complains also about having her cell phone service cut off after paying $167 to the service provider. Compl. at 2.

The complaint contains no cogent allegations against the named defendants, the D.C. Housing Authority and possible affiliates, and thus fails to state a claim for which relief can be granted. In addition, the complaint "lacks an arguable basis either in law or in fact" and thus is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Finally, the complaint is so insubstantial as to deprive the Court of subject matter jurisdiction. *See Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction [over a] complaint [that] 'is patently insubstantial, presenting no federal question suitable for decision.'") (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). Accordingly, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: August 17, 2016

United States District Judge